UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                                        CASE NO.: 3:25mj102/ZCB

**BALTAZAR REYES MIXTECO-TEMAXTLE**
_____/

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I. INTRODUCTION

I, Cuong Vu, being duly sworn, depose and state the following:

1. I am a duly sworn Deportation Officer (DO) of the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), assigned to the Pensacola, Florida, sub-office in the Maimi, Florida, Field Office. I have been employed as a DO with ICE/ERO since December of 2019. Before that time, I was employed as a Border Patrol Agent with the United States Border Patrol (USBP) for approximately eight years. With ICE/ERO and USBP, one of my principal assignments has been to conduct criminal investigations of persons involved in violations of the United States Code relating to Title 8 – aliens and Nationality. As a Border Patrol Agent, I attended and graduated from the U.S. Border Patrol Academy, which was conducted at the

1



Federal Law Enforcement Training Center (FLETC) in Artesia, New Mexico, from August 2011 to November 2011. As a DO, I attended and graduated from the ICE Academy Deportation Officer Training Program #2005, which was conducted at FLETC in Charleston, South Carolina, from September 28, 2020, to October 23, 2020. I also attended and graduated from the ICE Academy Deportation and Removal Operations Field Operations Training Program #2402, which was conducted at FLETC in Charleston, South Carolina, from November 27, 2023, to December 8, 2023. At all institutions mentioned, I received specialized training regarding the investigations of Federal violations of the United States Code.

2.  This Affidavit is made in support of a Criminal Complaint against **BALTAZAR REYES MIXTECO-TEMAXTLE (MIXTECO)**. As set forth herein, there is probable cause to believe **MIXTECO**, a native and citizen of Mexico, illegally re-entered the United States after deportation, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1).

3.  This Affidavit is based upon my personal knowledge, experience, and investigation, as well as information related to me directly or through reports of other ICE Agents and other law enforcement officers in the course of their official duties. Because this Affidavit is submitted for the limited purpose of obtaining a Criminal Complaint and Arrest Warrant, I have not included all information known by me or other investigators concerning this investigation. I have set forth only

those facts I believe are essential to establish the necessary foundation for the Complaint and Warrant. This Affidavit does not exhaust my knowledge or that of other investigators of the facts and circumstances surrounding this investigation.

## II.   RELEVANT FACTS OF THE INVESTIGATION

4.   On or about February 22, 2025, **MIXTECO** was arrested by the Florida Highway Patrol, in Escambia County, Florida (in the Northern District of Florida) for No Valid Drive License and Possession of Blank Fictitious Unlawful DL or ID. During the arrest, **MIXTECO** provided an alias Reyes TEMOLTLE-Mixteco and was booked with that alias at the Escambia County Jail (ECJ) in Pensacola, Florida. On the same date, ECJ notified ICE/ERO of **MIXTECO's** arrest and provided his arrest and booking information.

5.   On April 30, 2025, ICE was notified that **MIXTECO** has completed local charges. On May 1, 2025, ICE requested **MIXTECO's** fingerprint submission from his previous arrest from the Florida Department of Law Enforcement. Upon entering **MIXTECO's** fingerprints into an immigration database, a "removed alien" alert was received through the Automated Biometric Identification System (IDENT). The return also verified that **MIXTECO** was in fact **BALTAZAR REYES MIXTECO-TEMAXTLE** aka Reyes TEMOLTLE-Mixteco; Baltasar Misteco TEMOSTR Reyes; Reyes TEMOLTLE-Mixteco, a citizen and national of Mexico as who had been previously removed from the United States. The picture from the

3

previous removal case was an exact match of the arrest booking information sheet from ECJ.

6. A records check has been conducted in immigration databases and indicates no claims or petitions have been filed by **MIXTECO** or on his behalf which would allow him to enter, remain, or be found in the United States legally. The Alien Registration Number associated **MIXTECO** contains the following removal history:

- **MIXTECO** was encountered by the United States Border Patrol Sector (USBP), who issued an Expedited Removal order in Freer, Texas, on or about June 21, 2013. **MIXTECO** was removed from the United States on June 22, 2013, through the Eagle Pass, Texas Port of Entry (POE).

- **MIXTECO** was encountered by the ICE, who issued **MIXTECO** a Notice of Intent/Decision to Reinstate of Prior Order in Mobile, Alabama, on or about June 6, 2017. **MIXTECO** was removed from the United States on or about December 13, 2017, through the Alexandria, Louisiana POE.

7. Immigration Form I-296, Notice to alien Ordered Removed/Departure Verification, is the standard form utilized by the Department of Homeland Security (DHS) to document the physical removal of an unlawfully present alien from the United States to his/her native country. There is one executed Form I-296 in **MIXTECO**'s alien registration file. The I-296 shows the order, signed by the

4

designated immigration official, authorizing any office or employee of the Immigration and Customs Enforcement to physically deport the subject alien from the United States. The I-296 also contains specific information that the I-296 was executed, recording the port (location), date, and manner of removal by placing the photograph, right index fingerprint, and signature of the alien. The Form I-296 in **MIXTECO's** alien registration file indicates he was removed from the United States to Mexico on or about June 22, 2013.

8. Immigration Form I-205, Warrant of Removal/Deportation, is the standard form utilized by DHS to document the physical removal of an unlawfully present alien from the United States to his/her native country. There is an executed Form I-205 in **MIXTECO's** Alien registration file. The front page of the Form I-205 shows the order, signed by the designated immigration official, authorizing any officer or employee of the Immigration and Naturalization Service (now known as Immigration and Customs Enforcement) to physically deport the subject alien from the United States. The second page of Form I-205 contains specific information that the Form I-205 was executed, recording the port (location), date, and manner of removal by placing the photograph, right index fingerprint, and signature of the alien. The Form I-205 in **MIXTECO's** Alien registration file indicates he was removed from the United States to Mexico on or about December 13, 2017.

9. The most recent "Notice to Alien Ordered Removed" was requested and received from the National Records Center (NRC). Such document contained a warning stating that **MIXTECO** was prohibited from entering, attempting to enter, or being in the United States for a period of twenty (20) years from the date of his departure from the United States because he had been found: inadmissible under section 212 of the Act and ordered removed from the United States by an immigration official in proceedings under section 235(b)(1) of the Act initiated as a result of having been present in the United States without admission or parole. The warning also stated **MIXTECO** must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States prior to reentry. **MIXTECO's** Alien Registration File was requested and received from the NRC.

10. **MIXTECO's** alien registration file was reviewed by DHS personnel, and it did not contain any documentation showing that he has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, for admission to the United States following his removal on or about June 22, 2013 and on or about December 13, 2017. Further, there is no evidence in any automated system that an application was made or approved. Had the defendant made such an application, that fact would be reflected in his official alien registration file.

11. I have no reason to believe that **MIXTECO** was here in the Northern District of Florida involuntarily when he was arrested on or about February 22, 2025.

12. A review of **MIXTECO's** criminal history revealed the following: On February 18, 2015, **MIXTECO** was convicted of Domestic Violence. On November 14, 2017, **MIXTECO** was convicted in the U.S. District Court for the Southern District of Alabama of the violation 8 U.S.C § 1326(a)—Re-Entry After Deportation. On April 30, 2025, **MIXTECO** was convicted of No Valid Drive License.

### III. CONCLUSION

13. Based on the above stated facts and circumstances, your affiant believes probable cause exists that **MIXTECO** has violated Title 8, United States Code, Section 1326(a) and 1326(b)(1), Illegal Reentry After Deportation or Removal.

_____
CUONG VU
ICE Deportation Officer

Subscribed and sworn to before me on this 2nd day of May 2025, in Pensacola, Florida.

_____
ZACHARY C. BOLITHO
United States Magistrate Judge

7