IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO.: 3:25cr92/MCR

BALTAZAR R. MIXTECO-TEMAXTLE
_____/

# PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between Baltazar Reyes Mixteco-Temaxtle as Defendant, Maria Dykes as attorney for Defendant, and the United States Attorney for the Northern District of Florida. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

1

FILED IN OPEN COURT
6/30/25   BR
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

  a. Defendant will plead guilty to Count One (illegal reentry of a removed alien) of the Indictment. As to Count One, Defendant faces a maximum term of ten years' imprisonment, three year of supervised release, a $250,000 fine, and a $100 special monetary assessment.

  Defendant agrees to pay the special monetary assessment on or before the date of sentencing. If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

  The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets.

  b. That by voluntarily pleading guilty to the charge in the Indictment, Defendant, as to the count pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. Defendant is pleading guilty because Defendant is in fact guilty of the charge alleged in Count One of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of Defendant for the charged crime, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charge, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. Defendant is not a citizen of the United States and Defendant understands that this conviction may adversely affect Defendant's immigration status and may lead to deportation, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant.

The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

    h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

### 3. SENTENCING

    a.    Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

    b.    Because the conditions for eligibility in the fast-track program have been met as determined by the United States Attorney's Office and Defendant has agreed to comply with the terms as outlined in this plea agreement, the United States Attorney's Office will file a motion before the sentencing hearing, pursuant

to United States Sentencing Guideline 5K3.1, for a downward departure of <u>two</u> levels from the adjusted base offense level after the application of the adjustment of acceptance of responsibility. The United States Attorney reserves the right to revoke this agreement if Defendant breaches any part of this plea agreement or if Defendant or Defendant's attorney fails to disclose any condition or conviction that would have made Defendant ineligible for the fast-track program at the time Defendant entered into this agreement with the United States Attorney.

c.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

d.  Defendant agrees to waive the preparation by the United States Probation Office of a full pre-sentence report as required by Fed. R. Crim. P. 32, and hereby agrees to the preparation of an Expedited Sentencing Report by the Probation Office.

### 4. WAIVER OF DEFENSES AND APPEAL RIGHTS

Defendant agrees to waive any and all motions, defenses, probable cause determinations, and objections which Defendant could assert to the information or indictment, or to the Court's entry of judgment against Defendant and imposition

of sentence upon Defendant providing the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon Defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

## 5. STIPULATION TO REMOVAL

If Defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence

imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order, in this or any subsequent case, administrative, civil or criminal.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

_____
MARIA DYKES
Attorney for Defendant

_____
Date 6/30/2025

_____
BALTAZAR R. MIXTECO-TEMAXTLE
Defendant

_____
Date 6/30/2025

JOHN P. HEEKIN
United States Attorney

_____
JEFFREY M. THARP
Assistant United States Attorney

_____
Date 6/30/2025